UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-01911-FMO (AS) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Joaquin Callins v. People of the State of California | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**    **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On September 11, 2020, Joaquin Callins ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1), which the Court construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") (see Docket Entry Nos. 3 at 1, 4 at 1).

On September 21, 2020, the Court issued an Order Requiring the Filing of a First Amended Petition or a Notice of Voluntary Dismissal. (Docket Entry No. 3). On September 22, 2020, the Court issued an Amended Order Requiring the Filing of First Amended Petition. (Docket Entry No. 4). The Court screened the Petition and found it deficient in the following respects:

(1) Petitioner has failed to identify the proper Respondent, the name of the person having custody of Petitioner, i.e., prison warden; (2) Petitioner's claim(s) are incomprehensible. The Court is unable to discern what claim(s) Petitioner intends to assert; (3) Petitioner has alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d); (4) Petitioner has failed to plainly state "[t]he statutory or other basis for the exercise of jurisdiction by this Court," in violation of Central District Local Rule 8-1 and Fed.R.Civ.P. Rule 8(a); and (5).

Id. at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-01911-FMO (AS) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Joaquin Callins v. People of the State of California | | |

   The Court ordered Petitioner to file, by no later than October 22, 2020, a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("First Amended Petition") on the proper Central District of California form, a copy of which was provided to Petitioner.  Id.  Petitioner was instructed that the First Amended Petition "should set forth clearly each claim which Petitioner intends to raise in this proceeding and the factual bases for each claim."  Id..

   The Court's September 22, 2020 Order stated the following: "Petitioner is advised that his failure to comply with the above requirements may result in a recommendation that this action be dismissed for failure to comply with the Court's Order and/or for failure to prosecute pursuant to Fed.R.Civ.P 41(b)."  Id. at 2 (citing to Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002)).

   On October 20, 2020, Petitioner filed a First Amended Petition by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("First Amended Petition").  (Docket Entry No. 5).[1]

   On October 23, 2020, the Court issued an Order Requiring the filing of a Second Amended Petition.  (Docket Entry No. 7). (A copy of the Court's October 23, 2020 Order is attached.)  The Court screened the First Amended Petition and found it deficient in the following respects:

   (1) Petitioner's claim(s) are incomprehensible.  The Court is unable to discern what claim(s) Petitioner intends to assert; (2) Petitioner has alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d); (3) Petitioner has failed to plainly state "[t]he statutory or other basis for the exercise of jurisdiction by this Court," in violation of Central District Local Rule 8-1 and Fed.R.Civ.P. Rule 8(a); (4) Petitioner's claims are noncognizable

---

[1]   The First Amended Petition asserted the following claims for federal habeas relief: (1) "Fines and Fees."  As supporting facts, Petitioner alleged, "I was denied due process because the court failed to conduct an ability to pay hearing before imposing fines and fees."; (2) "I was denied by the Supreme Court for petition review in my case."; and (3) "The Supreme Court does not have enough resources to take my case."  (First Amended Petition at 4-5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-01911-FMO (AS) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Joaquin Callins v. People of the State of California | | |

to the extent that they do not go to the fact of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); (5) Petitioner's claims directed to the California Supreme Court likely involve the application and/or interpretation of state law and are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010); and (6) It appears that Petitioner has failed to exhaust the first and third claims alleged in the Petition. Id. at 1-2.

The Court ordered Petitioner to file, by no later than November 23, 2020, a Second Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Second Amended Petition") on the proper Central District of California form, a copy of which was provided to Petitioner. Id. at 2. Petitioner was instructed that the Second Amended Petition "shall be complete in itself, must not incorporate by reference any other pleading, and should set forth clearly each claim which Petitioner intends to raise in this proceeding and the factual bases for each claim." Id.

The Court's October 23, 2020 Order stated the following: "Petitioner is advised that his failure to comply with the above requirements may result in a recommendation that this action be dismissed for failure to comply with the Court's Order and/or for failure to prosecute pursuant to Fed.R.Civ.P 41(b)." Id. (citing to Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002)).

To date, Petitioner has failed to file a Second Amended Petition, or request an extension of time to do so.

Therefore, Petitioner is **ORDERED TO SHOW CAUSE**, within **thirty (30) days** of the date of this Order (by no later than **January 7, 2021**), why this action should not be dismissed for failure to comply with Court orders and/or prosecute pursuant to Fed.R.Civ.P. 41(b).

Petitioner may discharge this Order by filing a Second Amended Petition which complies with the Court's October 23, 2020 Order, **or** a statement setting forth why he is unable to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-01911-FMO (AS) | Date | December 7, 2020 |
|---|---|---|---|
| Title | Joaquin Callins v. People of the State of California | | |

**Petitioner is expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and/or for his failure to prosecute. See Fed.R. Civ. P. 41(b).**

                                                                                                 0 : 0

Initials of Preparer        AF